UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW SPARKS,

    Plaintiff,

v.                                                Case No.: 8:21-cv-914-TPB-AAS

LITHIUM BATTERY POWER, LLC,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

The parties move for the court to approve their proposed settlement of the Fair Labor Standards Act (FLSA) claims and dismiss this case with prejudice. (Doc. 14). It is **RECOMMENDED** that the parties' motion be **GRANTED**.

A claim brought under the FLSA can be resolved in two ways. *See* 29 U.S.C. § 216; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *Lynn's Food*, 679 F.2d at 1353. Second, an employee may settle and waive claims under the FLSA if the parties to a private action present to a district court a proposed settlement agreement, and

the district court enters a judgment approving the settlement. *Id.* To approve the settlement, the district court must determine whether the settlement agreement constitutes a fair and reasonable resolution of a bona fide dispute regarding FLSA provisions. *Id.* at 1355.

In suits brought by employees under the FLSA for back wages, settlements may be permissible "because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In such adversarial cases, the Eleventh Circuit has determined that:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* (footnote omitted).

In this action against Lithium Battery Power, LLC (LBP), Matthew Sparks requests the recovery of overtime wages in connection with his employment with LBP. (Doc. 1). To resolve the litigation, the parties agreed to a settlement, which was subsequently submitted for review. (Doc. 14, Ex. 1). Within the proposed settlement agreement, LBP agrees to pay to Mr. Sparks

2

a negotiated sum of $10,314.74, which includes the separately negotiated sum for Mr. Sparks's attorney's fees and costs in the amount of $3,705.00. (*Id.* at p. 2).

The parties explain that LBP disputes Mr. Sparks's entitlement to liquidated damages and maintains it acted in good faith, which Mr. Sparks disputes. (Doc. 14, p. 3). Although Mr. Sparks is not receiving any liquidated damages, such a compromise is reasonable and justified because of this bona fide dispute. *See* 29 U.S.C. § 260 ("[I]f the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA], the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 of this title."); *see also Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008) (stating if an employer can show that its actions were taken in good faith and the employer had reasonable grounds for believing it did not violate the FLSA, then the court has discretion to not award liquidated damages). Also, Mr. Sparks entered into this settlement agreement with the advice of counsel.

After consideration of the proposed settlement agreement, the undersigned concludes the settlement is a fair and reasonable resolution of the

parties' dispute. *See Lynn's Food*, 679 F.2d at 1353–55.

Accordingly, it is **RECOMMENDED** that:

1. The parties' Second Amended Joint Motion for Order Approving Settlement and Dismissing Case with Prejudice (Doc. 14) be **GRANTED**;

2. The settlement agreement (Doc. 14, Ex. 1) be accepted, adopted, and approved by the court, and the parties be ordered to comply with the terms of the settlement agreements;

3. This action be **DISMISSED WITH PREJUDICE**; and

4. The Clerk be directed to terminate all pending deadlines and to close the case.

**ENTERED** in Tampa, Florida on June 9, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

## **NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.